# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-1021-LPS |
| TRINITY PARISH FOUNDATION, | : |
| Defendant. | : |

M. Denise Tolliver, Camden, Delaware, Pro Se Plaintiff.

Margaret M. DiBianca and Scott A. Holt, Esquires, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

July 30, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff M. Denise Tolliver ("Plaintiff") filed this employment discrimination action on August 8, 2014 against Defendants Trinity Parish Foundation ("Trinity Parish") and Delaware Futures, Inc. ("Delaware Futures"). (D.I. 1) She proceeds *pro se* and has paid the filing fee. On October 7, 2014, Plaintiff voluntarily dismissed Delaware Futures as a defendant. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Trinity Parish's motion to dismiss (D.I. 5) and Plaintiff's motion for leave to file an amended complaint (D.I. 9) and motion to seal (D.I. 15). For the reasons that follow, the Court will deny Trinity Parish's motion to dismiss and will grant Plaintiff's motion to amend and motion to seal.

## II. BACKGROUND

The original complaint alleges employment discrimination on the basis of race, age, and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* ("Rehab Act"), when Plaintiff's employment was terminated on March 15, 2013. Plaintiff also alleges harassment when she was banned from the workplace as well as privacy invasion by disclosure of medical records. The original complaint alleges that Trinity Parish and Delaware Futures were joint employers.

Attached to the original complaint is a final determination and right to sue notice from the State of Delaware Department of Labor, Division of Industrial Affairs – Office of Anti-Discrimination, dated June 3, 2014. (*See* D.I. 1) The right to sue notice contains the caption *Tolliver v. Delaware Futures, Inc.*, DDOL No. TOL062013. (*See id.*) On April 26, 2015, Plaintiff filed a notice of suit rights issued by the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC

1

Charge No. 530-2015-00697. (*See* D.I. 11) Trinity Episcopal Parish and its religious director, Patricia Downing, received a copy of the notice of suit rights. (*See id.*)

In the meantime, Trinity Parish filed a motion to dismiss on October 6, 2014, opposed by Plaintiff. (D.I. 5, 7) Next, on January 26, 2015, Plaintiff filed a motion for leave to file an amended complaint, opposed by Trinity Parish. (D.I. 9, 10) Trinity Parish moves to dismiss the original complaint on the grounds that: (1) the charge of discrimination attached as an exhibit names Delaware Futures as a respondent and not Trinity Parish; (2) Plaintiff did not file a charge of discrimination with respect to Trinity Parish and the time to so do has expired; and (3) as to Trinity Parish, Plaintiff failed to timely exhaust her administrative remedies with regard to the Title VII, ADEA, and Americans with Disability Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") claims.[1]

Plaintiff submitted a proposed amended complaint with her motion for leave to amend. (D.I. 9) The proposed amended complaint adds as a defendant Patricia Downing ("Downing"), a Trinity Parish board member, parish complex administrator, and Plaintiff's former supervisor. (*See* D.I. 9, proposed amended complaint at ¶ 4) It alleges that Trinity Parish founded Delaware Futures in 1994 and exerted day-to-day authority over Delaware Future's operations and staff through at least 2013. (*See id.* at ¶ 7) The proposed amended complaint contains the following counts: (1) Count I alleges race discrimination pursuant to Title VII and 19 Del. C. §§ 710 *et seq.*; (2) Count II raises a claim pursuant to 42 U.S.C. § 1981; (3) Count III alleges age discrimination pursuant to the ADEA and 19 Del. C. §§ 710 *et seq.*; (4) Count IV alleges retaliation; (5) Counts V and VI raise claims pursuant to 42 U.S.C. § 1983; (6) Count VII alleges wrongful termination and breach of contract under Delaware law; (7) Count VIII alleges intentional infliction of emotional distress

---

[1] The original complaint does not allege violations of the ADA. It alleges violations of the Rehab Act.

2

under Delaware law; (8) Count IX raises claims under the Delaware Whistleblower's Protection Act, 19 Del. C. §§ 1701, *et seq.*, and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A; and (9) Count X alleges tortious interference with business relations in violation of Delaware law.

## III. MOTION TO DISMISS

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

3

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### B. Discussion

A plaintiff bringing discrimination claims under Title VII, the ADEA, and the Rehab Act must exhaust his or her administrative remedies by filing an administrative charge with the EEOC and procuring a notice of the right to sue. *See* 42 U.S.C. § 2000e-5(e)(l); *Mandel v. M & O Packaging Corp.*, 706 F.3d 157, 164-65 (3d Cir. 2013); *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997); *see also Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 111 (3d Cir. 2014) (applying administrative remedies of Title VII to ADEA claim), *cert. denied*, ___ U.S. ___, 135 S.Ct. 1398 (2015); *Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995) (plaintiff must exhaust Title VII remedies before bringing suit under sections 504 and 505(a)(2) of the Rehabilitation Act, just as he or she must do before suing under sections 501 and 505(a)(1) of Act).

While the attainment of notice of suit rights from the EEOC is a condition precedent to filing Title VII, ADEA, and Rehab Act suits, the failure to obtain notice of the right to sue is a curable defect. *See, e.g., Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984); *Jones v. American State Bank*, 857 F.2d 494, 500 (8th Cir. 1988). The Third Circuit has held that issuance of a right-to-sue letter is a statutory requirement that does not deprive a district court of jurisdiction and may be satisfied by issuance of the letter after the complaint has been filed. *See Gooding*, 744 F.2d at

4

358; *see also Molthan v. Temple Univ.*, 778 F.2d 955, 960 (3d Cir. 1985) (holding that district court did not abuse discretion in considering retaliation claim where EEOC issued right-to-sue letter after complaint was filed but before trial began). Other circuits have held that the defect is cured if the plaintiff receives a "right-to-sue" letter prior to trial and neither the EEOC nor defendants are prejudiced by plaintiff's initial failure to obtain the letter. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 310 (6th Cir. 2000); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972).

Here, Plaintiff commenced her suit against Trinity Parish without having received a notice of suit rights as to the claims against it. Although Plaintiff filed suit before receiving a notice of suit rights, she received such a letter on March 3, 2015, during the early stages of this litigation. Plaintiff's receipt of the EEOC's notice of suit rights at this early stage of the lawsuit is sufficient to cure her failure to obtain such a letter before seeking relief from this Court. Therefore, the Court will deny Defendant's motion to dismiss (D.I. 5) the original complaint.[2]

## IV. MOTION TO AMEND

### A. Legal Standards

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the

---

[2] The Court makes no ruling on whether Plaintiff filed a timely charge of discrimination against Trinity Parish or whether she raised the claims before the EEOC that are contained in the original complaint.

5

opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings, reflecting the preference that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

### B.     Discussion

Plaintiff's proposed amended complaint adds a new defendant and several counts. Defendant opposes the motion and argues that the proposed amended complaint fails to state claims upon which relief may be granted.

Plaintiff proceeds *pro se* and, therefore, the Court must liberally construe the proposed amended complaint. The Court will grant Plaintiff's motion for leave to amend and will direct the

6

Clerk of Court to docket the proposed amended complaint.[3] However, Counts V and VI will be dismissed. They raise claims pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations that Trinity Parish or Downing are State actors. Therefore, amendment is futile as to Counts V and VI.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Defendant's motion to dismiss (D.I. 5); (2) grant Plaintiff's motion for leave to amend (D.I. 9); (3) order the Clerk of Court to docket Plaintiff's proposed amended complaint; (4) dismiss Counts V and VI of the amended complaint; and (5) grant Plaintiff's motion to seal.

An appropriate Order will be entered.

---

[3] Defendant again argues that Plaintiff failed to exhaust her administrative remedies. In addition, it argues that Plaintiff fails to allege that she as employed by Trinity Parish. Liberally construing the allegations, Plaintiff appears to allege she was jointly employed by Trinity Parish and Delaware Futures. (*See* proposed amended complaint at ¶ 7) In addition, at this juncture, and with regard to Count IX, the Court will not consider Defendant's statement that it is not a publicly traded company. *See Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."). Finally, again liberally construing the amended complaint, Plaintiff seems to allege the existence of an implied contract between her and Trinity Parish.

7