IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 14-1021-LPS |
| | : |
| TRINITY PARISH FOUNDATION, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff M. Denise Tolliver ("Plaintiff"), who proceeds *pro se*, filed this action on August 8, 2014, alleging employment discrimination following her termination as executive director of Defendant Delaware Futures, Inc. (D.I. 1) Plaintiff also filed suit in State Court and, following removal of that action, the Court consolidated the cases. (*See* D.I. 20) The second amended complaint, filed September 1, 2015, is the operative complaint. (D.I. 25) Named as defendants are Trinity Parish Foundation, Delaware Futures, Inc., Patricia Downing, and Maile Statuto. Before the Court are several motions filed by Plaintiff. (D.I. 28, 42, 43, 44, 52, 60, 70, 73, 79)

2. **Motions for Summary Judgment.** On September 10, 2015, Plaintiff filed a motion for summary judgment, prior to entry of the Court's Scheduling Order and prior to discovery among the parties. (D.I. 28) On June 2, 2016, Plaintiff filed a second motion for summary judgment while the parties were in the midst of a discovery dispute and discovery had not yet been completed (although the discovery deadline had passed). (D.I. 79) A hearing was set to resolve the discovery dispute, but it was deferred pending the Court's resolution of Plaintiff's motion to disqualify

counsel. Therefore, the Court will deny the motions as premature without prejudice to renew after the completion of discovery.

3. **Motions to Compel**. Plaintiff moves to compel Defendants to answer interrogatories she served upon Defendants Downing and Statuto and non-parties Nicole Sailer and Evette Houston. (D.I. 42, 43) Defendants objected to the interrogatories on the grounds that they were served upon non-parties and the number of interrogatories propounded exceeded the allowable number as set forth in the September 22, 2015 scheduling order. According to Defendants, the parties ultimately reached an agreement and Plaintiff served amended interrogatories upon Defendants on January 15, 2015. (*See* D.I. 47, 48, 52) Defendants answered the amended interrogatories on February 22, 2016. (*See* D.I. 55) Accordingly, the Court will deny the motions to compel as moot. (D.I. 42, 43, 44)

4. **Motions to Strike**. Plaintiff moves to strike discovery produced by Defendants in response to discovery requests from Plaintiff. (D.I. 70, 73) Plaintiff also seeks sanctions including attorneys fees and costs. Plaintiff asks the Court to strike as evidence all records produced concerning her Delaware Department of Labor case and all medical records. The records were not produced to the Court for inspection. Therefore, the Court will deny the motions as premature. (D.I. 70, 73) Plaintiff will have an opportunity to seek to preclude the material at issue should this case proceed to trial. Finally, the Court finds that Defendants have not engaged in actions that warrant the imposition of sanction. Also, because Plaintiff proceeds *pro se*, sanctions in the form of attorneys fees are not available to her.

5. **Motion for Default Judgment and Declaratory Judgment**. Plaintiff filed a motion requesting entry of declaratory judgment against Defendants. (D.I. 60) She also moves for default judgment under Fed. R. Civ. P 37 for Defendants' alleged failure to respond to discovery

propounded upon them. (D.I. 46, 60) The second amended complaint does not seek declaratory relief. Should Plaintiff wish to seek declaratory relief, her appropriate avenue is to move the Court for leave to amend her complaint. In addition, the relief she seeks under Rule 37 is premature. Default judgment under Rule 37 is one of several sanctions a court may impose upon a party who fails to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). There is no indication that Defendants failed to obey a discovery order entered by the Court. Therefore, the Court will deny the motions. (D.I. 46, 60)

      An appropriate Order follows.

Wilmington, Delaware
July 28, 2016

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE