IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-1021-LPS |
| TRINITY PARISH FOUNDATION, et al., | : |
| Defendants. | : |

## MEMORANDUM

### I. BACKGROUND

On July 28, 2016, the Court denied Plaintiff's motion to disqualify opposing counsel. (*See* D.I. 95, 96) Plaintiff moves for reconsideration on the grounds that a conflict remains based upon information that, when she was represented by Young, Conaway, Stargatt & Taylor LLP ("YCST"), Scott Holt ("Holt"), an attorney at YCST, assisted her former attorney, Teresa Fariss, who is no longer employed at YCST. (D.I. 100) Defendants oppose.

### II. LEGAL STANDARDS

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct

a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal citation omitted).

### III. DISCUSSION

Plaintiff contends reconsideration is appropriate because it has come to her attention that records indicate she last communicated with YCST in person on June 30, 2000, when she was terminated as a client upon her request for representation in a new matter, and not by letter on June 2, 2000, as previously indicated when the Court denied her motion to disqualify. In addition, she contends that Holt, who remains employed at YCST, also represented her and, therefore, the Court should have considered her motion under M.R.P.C. 1.9. Defendants respond that the information Plaintiff refers to is not newly discovered evidence.

The Court analyzed Plaintiff's motion for recusal under M.R.P.C. 1.10(b),[1] which addresses situations in which a conflict of interest may be imputed to other lawyers associated in the same firm with the tainted lawyer, in this case former attorney Fariss. The Court has thoroughly reviewed the record, including the exhibits submitted by the parties. It is evident from YCST's letterhead[2] that Holt was an attorney at the firm during the relevant time-frame, yet Plaintiff's motion for recusal speaks only to her representation by Farris, with no mention of Holt and, therefore, the matter was analyzed under M.R.P.C. 1.10(b).

---

[1] Rule 1.10(b) provides: "When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless: (1) the matter is the same or substantially related to that which the formerly associated lawyer represented the client; and (2) any lawyer remaining in the firm has [confidential or protected] information . . . that is material to the matter." M.R.P.C. 1.10. Rule 1.10 "imputes one attorney's conflicts to all other attorneys in his firm." *United States v. McDade*, 404 F. App'x 681, 683 (3d Cir. Dec. 22, 2010).

[2] The June 2, 2000 YCST letter that Plaintiff attached to her motion lists Holt as an attorney.

2

In addition, this Court previously determined that the Caesar Rodney matter wherein Fariss represented Plaintiff is not substantially related to the instant lawsuit, noting that there are different defendants in the two cases, there is not significant factual overlap between the two cases, and the cases do not involve the same legal dispute, even though both cases raise employment discrimination issues. Both Rules 1.9 and 1.10(b) have a similar requirement that the matters be substantially related in order to establish a violation. Given this Court's previous finding that the matters are not substantially related, the requisites to establish a violation of Rule 1.9 cannot be met.[3]

The Court finds that Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the Court's July 28, 2016 Order denying the motion to disqualify.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion for reconsideration. (D.I. 100) A separate Order will be entered.

Dated: August 31, 2016

UNITED STATES DISTRICT JUDGE

---

[3] To establish that a representation violates Rule 1.9, four elements must be shown: "(1) the lawyer must have had an attorney-client relationship with the former client; (2) the present client's matter must either be the same as the matter the lawyer worked on for the first client, or a 'substantially related' matter; (3) the interests of the second client must be materially adverse to the interests of the former client; and (4) the former client must not have consented to the representation after consultation." *Apeldyn Corp. v. Samsung Elecs. Co., Ltd.*, 660 F. Supp. 2d 557, 561 (D. Del. 2009).

3