YOUNG CONAWAY STARGATT & TAYLOR, LLP

Attorneys at Law

WILMINGTON
GEORGETOWN
MIDDLETOWN
NEW YORK

**Lauren E.M. Russell**
P 302.576.3255
F 302.576.3750
lrussell@ycst.com

December 8, 2016

**VIA CM/ECF & HAND DELIVERY**

Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Tolliver v. Trinity Parish Foundation, et al.*, C.A. No. 14-cv-01021-LPS

Dear Chief Judge Stark:

Please accept this letter as Defendants' response to Plaintiff's most recent filings, docketed as D.I. 146 and 147.

First, as a threshold matter, Plaintiff has filed what is styled as an Amended Opening Brief in Support of her Motion for Summary Judgment. (D.I. 147.) Plaintiff's filing appears, however, to be an answer in opposition to Defendants' Motion for Summary Judgment ("Plaintiff provides her Statement of Facts . . . in dispute of Defendants' motion for summary judgment.") (D.I. 147, at 1.) Accordingly, Defendants will file their Reply Brief, in response to D.I. 147, in accordance with Local Rule 7.1.2.(b). Defendants will not file before the deadline, in the event that Plaintiff wishes to supplement her opposition in any way prior to the deadline to file her answering brief.

Defendants will further comply with the Clerk's instruction to file their answering brief in opposition to Plaintiff's original Opposition for Summary Judgment (D.I. 139) on December 8, 2016.

Second, Plaintiff has filed a letter, docketed as a Letter Motion for Leave to Refile, which seeks to renew motions previously docketed as D.I. 70 and 73. (D.I. 146.) Specifically, Plaintiff seeks to strike documents that are contained within the second volume of the Appendix to Defendants' Opening Brief in Support of Their Motion for Summary Judgment. (D.I. 135, pages A76-78 and A105-07.) Defendants maintain that the documents identified by

Plaintiff are relevant to the current action, as they relate to the administrative proceedings underlying Plaintiff's current claims. The fact that those documents were generated in an investigation conducted by the Delaware Department of Labor is of no relevance, as the same operative facts underlay all of Plaintiff's administrative filings. Nor has Plaintiff identified any legal basis for the exclusion of such evidence. Consequently, Defendants request that the Court deny the relief Plaintiff seeks.

Defendants further object to Plaintiff's request that, in lieu of striking the documents identified, she be permitted to "submit into evidence a voicemail message transcript from Ms. Evette Houston . . ." That transcript, attached to Plaintiff's filing, has not been produced to Defendants at any point during discovery, and is therefore not proper evidence in support of Plaintiff's claim. Fed. R. Civ. P. 56(c)(1)-(2). *See also Schmidt v. Mars, Inc.*, 587 Fed. Appx. 12, 16 (3d Cir. 2014) (holding that a trial court properly excluded from evidence documents that a party "had failed to produce in discovery").

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Letter Motion for Leave to Refile.

Respectfully,

Lauren E.M. Russell (No. 5366)

LEMR:hs

cc: Scott A. Holt, Esq.
Margaret M. DiBianca, Esq.
M. Denise Tolliver, pro se (by U.S. Certified and Regular Mail)