**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| M. Denise Tolliver<br>Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 14-cv-1021-LPS |
| v. | ) | |
| | ) | |
| | ) | |
| Trinity Parish Foundation, Patricia Downing; and<br>Delaware Futures, Maile Statuto<br>Defendants | ) | |
| | ) | |

FILED
DEC 16 2016
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SECOND ADDENDUM TO OPENING BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION FOR SUMMARY JUDGMENT

Plaintiff provides defenses responsive to Defendants' Summary of the Argument (D.I. 151, PageID #1461.

Respectfully submitted,

M. Denise Tolliver
109 Gardengate Road
Camden, DE 19934-9649
(302) 697-1373
mdtolliver@hotmail.com

December 14, 2016

**PROFESSIONAL MISCONDUCT**

1. Plaintiff affirms her belief that opposing counsel has engaged in a litany of acts of misconduct in violation of ABA Rule 8.4 (g.), Revised 109. "It is professional misconduct for a lawyer to engage in conduct that the lawyer knows or reasonably should know is harassment or discrimination on the basis of race, sex, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, marital status or socioeconomic status in conduct related to the practice of law. This Rule does not limit the ability of a lawyer to accept, decline, withdraw from a representation in accordance with Rule 1.1.6. This paragraph does not preclude legitimate advice or advocacy consistent with these Rules."

**PROPERTY RIGHT PUBLIC POLICY EXCEPTION**

2. Courts have generalized the *Petermann* principle to protect employees against termination for utilizing public tribunals to vindicate a right against the employer. Under the public policy exception to the at-will principle in the context of termination, Plaintiff, a citizen of the United States of American residing in the State of Delaware, has certain rights and obligations which deserve protection against interference by her employer in the same way as her privileges and immunities as a citizen are protected by the Fourteenth Amendment against interference by the state. Public policy exception is a matter of relative sovereignty.

Plaintiff has provided direct evidence that she was discharged and terminated because of in matters of her employment as Delaware Futures executive director she sought assistance from EEOC (T011; B1-B3) and Delaware Insurance Commissioner (H04-H06) as well as filed a DDOL TOL062013 discrimination charge (D0000135).

## DISABLED COMPARATORS

3. Since Delaware Futures begin its contract with Hartford in 2009, only one other employee had been awarded disability benefits and afforded all rights and privileges under the terms and conditions. Delaware Futures in its role as plan administrator must enforce and comply with the terms and conditions of the Hartford contract.

## PLAINTIFF MEDICALLY RELEASED TO RETURN TO WORK

4. Defendants ordered Plaintiff not to return to work and prevented Plaintiff from working at all. Defendants also wrongly claim that Plaintiff was unable to work. Plaintiff had been medically released to return to work and at all times Plaintiff was able to work. Plaintiff provided direct evidence (medical releases) that she timely provided to Delaware Futures agents physician statements permitting her to return to work. TriState Cardiovascular medical record (H01) dated February 28, 2013 states that Plaintiff's "limitations will last through 3/8/13". On May 24, 2013 supporting Plaintiff's return to work, Dr. Deliri, TriState Cardiologist wrote, "At this point we have advised [Plaintiff] to avoid strenuous physical activity until the evaluation is complete." Defendants wrongly state Dr. Turner's April 9th medical note (A73) as Plaintiff being unable to work. Dr. Turner's note specifically states, "[Plaintiff] will not be able to return to work until July 1, 2013". On March 5, 2013 Defendants provided to Hartford the employer portion of Plaintiff's disability application showing "employee is expected to return to work 07/01/13". Hartford "ability" policy encouraged Plaintiff's return to work in any capacity including remotely as determined by the employer .

**SUMMARY POSSESION OF DELAWARE FUTURES FACILITY BY TRINITY**

5. Defendants wrongly states that Delaware landlord tenant code does not apply to summary possession for commercial leases. Delaware Futures executive director has exclusive rights in determining employee work conditions. Plaintiff in her role as executive director is the registered corporate agent. By Delaware Futures by-laws, the executive director shall be responsible for the work of the corporation including the power to employ and discharge assistants and staff with Executive Committee's non-objection. At no time did Plaintiff or her designees direct Trinity to change locks impacting Delaware Futures employees (A074-A075). Brevity of lock out does not disqualify violation of employee rights. Trinity without notice to Plaintiff or her designees initiated and entirely paid to have facility locks changed (D0000033; D000022).

**STATUTO'S AGEISM BIAS AND BULLYING**

6. Defendant Statuto established a pattern of intolerance, insensitivity, and disrespect of older and/or disabled directors. Defendant Statuto approved as a board member at Delaware Futures regular board meeting on January 9, 2013 also recklessly acted above her authority. Inconsistencies in Defendant Statuto's sworn statements and written correspondence indicate that she lacked complete knowledge of agency policies and governing documents. For example, Defendant Statuto refused the fact that Hartford insurer is exclusive fiduciary in determining Plaintiff's disability and the plan limits employer's duty to enforcement.

On March 13, 2013 in a group email involving board executive officers and staff, Defendant Statuto chided Mr. Bruce Weaver for copying Plaintiff (B1). Defendants suggest that

Mr. Weaver for disclosing private Board communications to Plaintiff is a breach of board member duties. To the contrary, Defendant Statuto's manner of "calling out" Mr. Weaver about his technology capabilities is an act ageism, bullying. Her actions caused Mr. Weaver an older superior board committee chair to immediately offer to tender his resignation. Mr. Weaver began volunteering at the inception of the Delaware Futures college access program and his resignation would have ended his stellar volunteer career of over 20 years of service at Delaware Futures. Mr. Weaver was a major donor who donated in significant amounts annually to Delaware Futures. Brevity of shaming by Defendant Statuto does not lessen damage to Mr. Weaver's dignity and reputation.

## CONCLUSION

For the foregoing reasons inclusive of all Plaintiff pleadings and filings, Plaintiff respectfully requests that the Court deny Defendants' Summary Judgment Motion and grant all counts of Plaintiff's Second Amended Complaint as well as award such relief as Plaintiff requests and the Court deems appropriate.

**CERTIFICATE OF SERVICE**

I, M. Denise Tolliver, hereby certify that on December 14, 2016, a copy of **SECOND ADDENDUM TO OPENING BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION FOR SUMMARY JUDGMENT** was served by Regular Mail upon the following defendants' attorneys representing Trinity Parish Foundation and Delaware Futures, Inc.:

Margaret M DiBianca, Esquire
Attorney for Defendant Trinity Parish Foundation
1000 N. King Street
Wilmington, DE 19801-0391
(302) 571-5008
mdibianca@ycst.com

and

Lauren Russell, Esquire
Attorney for Defendant Delaware Futures, Inc.
1000 N. King Street
Wilmington, DE 19801
(302) 571-6623

and

Scott A. Holt, Esquire
Attorney for Defendant Delaware Futures, Inc.
1000 N. King Street
Wilmington, DE 19801
(302) 571-6623

M. Denise Tolliver
109 Gardengate Road
Camden, DE 19934
(302) 242-1482

Dated: December 14, 2016

PRIORITY®
★ MAIL ★

FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

APPLY PRIORITY MAIL POSTAGE HERE

UNITED STATES POSTAL SERVICE®
1005

19801

U.S. POSTAGE
PAID
DOVER, DE
19901
DEC 14, 16
AMOUNT
$6.45
R2303S100909-05

Expected Delivery Day: 12/15/2016

USPS TRACKING NUMBER

9505 5154 0819 6349 0430 89

EP14H July 2013 Outer Dimension: 10 x 5



Mdenise Tolliver
109 Gardengate Rd
Camden Wyo, DE 19934

Office of the Clerk
United States District Court of Delaware
844 N. King Street, Unit 18
Wilmington, DE 19801-3510