IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-1021-LPS |
| TRINITY PARISH FOUNDATION, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**I.  BACKGROUND**

On August 2, 2017, the Court granted Defendants' motion for summary judgment and then entered judgment in favor of Defendants and against Plaintiff. (*See* D.I. 180, 181, 182) Plaintiff moves for reconsideration. (D.I. 183) Defendants oppose. Defendants also move to quash a subpoena directed to America Online ("AOL"). (D.I. 187)

**II.  MOTION FOR RECONSIDERATION**

**A.  Legal Standards**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or

1

fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

### B. Discussion

Plaintiff contends that reconsideration is appropriate because the Court allowed her to proceed on several counts of her second amended complaint, but later granted Defendants' motion for summary judgment. She seems to argue that the rulings are inconsistent. Plaintiff also appears to seek reconsideration on the grounds that Defendants' motion for summary judgment did not contain evidence that would be admissible at trial. While not clear, it may be that Plaintiff contends there remain issues of fact. Finally, Plaintiff states that she has been prejudiced by the protracted litigation and that the Court failed to consider her landlord/tenant claim.

The Court has again reviewed the record and the positions set forth by the parties in the motion for summary judgment and Plaintiff's opposition thereto. In doing so, the Court finds that Plaintiff has failed to demonstrate grounds to warrant reconsideration of the Court's August 2, 2017 Memorandum Opinion and Order that granted Defendants' motion for summary judgment. Therefore, the Court will deny Plaintiff's motion for reconsideration.

## III. MOTION TO QUASH SUBPOENA

On August 4, 2017, Plaintiff, a non-attorney, issued a subpoena and served it by email upon AOL to obtain email messages from various email accounts. Defendants move to quash the subpoena on the grounds that it was improperly issued, improperly served, and seeks information that is privileged or protected. (D.I. 187)

Rule 45 of the Federal Rules of Civil Procedure sets forth the circumstances under which a court may quash a subpoena. A subpoena may be quashed if it fails to allow a reasonable time to comply, requires disclosure of a privileged or otherwise protected matter if no exception or waiver

2

applies, or subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). The party seeking to quash a subpoena bears the burden of demonstrating that the requirements of Fed. R. Civ. P. 45 are satisfied. *See Robocast, Inc., v. Microsoft Corp.*, 2013 WL 1498666, at *1 (D. Del. Apr. 12, 2013).

Here, Defendants have met their burden to quash the subpoena under Fed. R. Civ. P. 45(d)(3)(A), by establishing that the information sought by Plaintiff is protected. The emails sought by Plaintiff belong to attorneys who advised Defendants regarding Plaintiff's termination, the subject of this lawsuit. Attorney-client information is protected by the attorney-client privilege and is not the type of discovery to which Plaintiff is entitled. In addition, when Plaintiff sought the discovery, the discovery and dispositive deadlines had passed.

Finally, the Clerk of Court did not issue the subpoena and Plaintiff, who is not an attorney, is not authorized to issue a subpoena but, nonetheless, she did. *See* Fed. R. Civ. P. 45(a)(3). Also, the subpoena was not properly served because Plaintiff is a party and, as such, she is not authorized to serve a subpoena. *See* Fed. R. Civ. P. 45(b)(1). Accordingly, the Court will grant the motion to quash the subpoena. (D.I. 187)

## IV. CONCLUSION

For the reasons set forth above, the Court will: (1) deny Plaintiff's motion for reconsideration (D.I. 183); and (2) grant Defendants' motion to quash subpoena (D.I. 187). A separate Order will be entered.

Wilmington, Delaware  
September 5, 2017

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE