# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-1021-LPS |
| TRINITY PARISH FOUNDATION, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

1. **Introduction.** Plaintiff M. Denise Tolliver ("Plaintiff"), who proceeds *pro se* and has paid the filing fee, commenced this employment discrimination action on August 8, 2014. (D.I. 1) Before the Court is her motion to vacate judgment for fraud on the court. (D.I. 199)

2. **Background.** On September 11, 2014, Plaintiff filed an employment discrimination complaint in the Superior Court of the State of Delaware in and for New Castle County against Delaware Futures, C.A. No. N14C-09-00088 (JAP). (*See Tolliver v. Delaware Future, Inc.*, Civ. No. 14-1248-LPS) It was removed to this Court on September 30, 2014. The complaints in Civil Action Nos. 14-1021-LPS and 14-1248-LPS involve similar allegations and concern common questions of law and fact and were consolidated on July 30, 2015. (D.I. 20)

3. On August 2, 2017, the Court granted Defendants' motion for summary judgment. (D.I. 180, 181) Plaintiff moved for reconsideration, and it was denied. (D.I. 183, 192, 193) Plaintiff appealed the orders granting summary judgment and denying reconsideration. (D.I. 190, 195) On January 26, 2018, the United States Court of Appeals for the Third Circuit affirmed the decisions of this Court. *See Tolliver v. Trinity Parish Found.*, 723 F. App'x 1667-2929 (3d Cir. Jan. 26, 2018). After issuance of the appellate court's decision, Plaintiff filed a petition for rehearing on the grounds that the District Court lacked jurisdiction by reason of an improper removal citing a false federal question. *See Tolliver*, No. 17-2929 at Jan. 30, 2018 Petition for Rehearing. On February 23, 2018,

the appellate court denied the petition. *Id* at Feb. 23, 2018 Order. The mandate issued on March 5, 2018. (D.I. 196)

4. On March 8, 2018, Plaintiff filed a letter/motion to remand her original complaint, Case No. N14C-09-088, to the Delaware Superior Court, as the "Federal District Court lacks subject matter jurisdiction." (D.I. 197) The motion was denied. (*See* D.I. 198) One year later, on March 15, 2019, Plaintiff filed the instant motion to vacate judgment for fraud on the court under the same theory as raised in her petition for rehearing in the appellate court: that this Court lacked jurisdiction by reason of an improper removal citing a false federal question.

5. **Fraud on the Court.** Federal Rule of Civil Procedure 60(d)(3) "does not limit a court's power to . . . set aside a judgment for fraud on the court." It is well established that a court has the inherent power to grant relief from a judgment which has been secured by a "fraud on the court." *See Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575 (1946). The concept of "[f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) (internal quotation marks omitted); *See also Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000); *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir. 1997); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972). Claims of fraud upon the court are not governed by the one-year limitation period but, instead, must be commenced within a "reasonable time of the discovery of the fraud." *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007).

6. The party seeking relief under Rule 60(d)(3) must establish fraud "by clear and convincing evidence." *Hatchigian v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F.

2

App'x 142, 143 (3d Cir. July 21, 2015) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)). While the Third Circuit has not directly addressed the requisite level of fraud under Rule 60(d)(3), other circuits have consistently held that only the "most egregious misconduct" satisfies the rule. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."); *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) ("Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.").

7. **Discussion**. Plaintiff has not alleged egregious misconduct necessary to succeed under Rule 60(d)(3). There are no allegations of fraud perpetrated by officers of the court preventing the "judicial machinery" from functioning. Rather, Plaintiff complains of the removal of this case. However, Plaintiff omits the fact that she filed a federal claim in this Court based upon the same set of facts and that the two cases were consolidated upon removal of the state case. Moreover, as discussed above, Plaintiff raised this issue with the appellate court upon rehearing and it declined to rehear the matter. There is no merit to Plaintiff's claim of fraud under Rule 60(d)(3). All issues have been decided and this Court's rulings were affirmed on appeal. Plaintiff is once again placed on notice that future similar motions will be docketed, but not considered.

8. **Conclusion**. The Court will deny Plaintiff's motion to vacate judgment for fraud on the court under Rule 60(d)(3). An appropriate order will be entered.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

February 19, 2020
Wilmington, Delaware

3